## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-cv-

SOPRIS SYSTEMS, LLC,

        Plaintiff

v.

FOLIO3 Software, Inc.

        Defendant.

---

## COMPLAINT

---

For its Complaint, Plaintiff Sopris Systems, LLC alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) and (2) because this is a civil action between citizens of different states, and citizens of a State and citizens of a foreign state, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Colorado.

3.      Further, the contract at issue between the parties provides disputes may be submitted to "any" United States Federal Court. (*See* Ex. A ¶ 12.3.)

### PARTIES

4.      Plaintiff Sopris Systems, LLC ("Sopris") is a Colorado Limited Liability Company with its principal office street address of 7887 E. Belleview Ave., Suite 1100, Englewood, Colorado 80111.

5.    Plaintiff has two members, (1) Laura Pfohl who is domiciled in and a citizen of Florida residing at 6578 N. 197th Pl., Jupiter, Florida, 33458, and (2) Sonata Software Ltd. which is a public limited company registered under the laws of the Republic of India. Its registered office is 208, T V Industrial Estate, 2nd Floor, S K Ahire Marg, Worli, Mumbai Maharashtra 400 030, India. Its corporate office is located at 1/4, APS Trust Building, Bull Temple Road, N. R. Colony, Bangalore Karnataka 560 004, India. Its stock trades on the National Stock Exchange of India under the symbol SONATSOFTW. As a public limited company, Sonata Software Ltd. is an incorporated entity under section 7 of India's Companies Act, 2013[1], and is therefore akin to a corporation in the United States.

6.    Folio3 Software, Inc. is a California corporation having its principal place of business at 333 Twin Dolphin Drive, Redwood City, California 94065.

**FACTS**

7.    Sopris and Folio3 are parties to an agreement dated March 14, 2014 (the "Agreement") pursuant to which Folio3 provided services relating to creating an application for IOS (iPhone, iPad), Android and Windows devices referred to as Mobile App for GeoSpec (the "App") including but not limited to creating source code, programs, systems, data and instructions to operate the app. (*See* Ex. A).

8.    On July 18, 2014 the parties agreed to Work Order No. 2 pursuant to which Folio3 agreed to integrate Folio3's "Dynamics" into the App and further agreed to add "Edit functionality" to the App. (*See* Ex. B at p. 1 ¶4 and p.8 ¶4; Work Order No. 2)

---

[1] A copy of India's Companies Act, 2013 is available on the website for the Government of India, Ministry of Corporate Affairs, http://www.mca.gov.in/MinistryV2/homepage.html.

9.      The parties agreed to share revenue from the App, 35% to Folio3 and 65% to Sopris. (*See* Ex. B at p. 1 ¶4 and p.8 ¶4; Work Order No. 2). All of Folio3's services including the App itself are referred to in the Agreement and here as "Work".

10.     Sopris made multiple payments to Folio3.

11.     A dispute arose between parties whereby Sopris demanded receipt of the Work before continuing to make payments, and Folio3 demanded payment before providing the Work.

12.     The parties participated in an arbitration which resulted in an award against Sopris for failure to Folio3.

13.     Based on the award, on June 24, 2019, Folio3 obtained a judgment in the amount of $98,567.25 against Sopris in the District Court, City and County of Denver, Colorado in Case No. 2019CV32289.

14.      On October 1, 2019 Sopris paid this amount by submitting it to the Court's Registry.

15.     On January 8, 2020 the Denver Court increased the amount of the judgment to $117,573.17 to include interest.

16.     Sopris paid the judgment in full in early March 2020 and Folio3 acknowledged receipt of payment on March 6, 2020 by filing a Satisfaction of Judgment acknowledging receipt of $117,573.17 from Sopris.

17.     All Work is owned by Sopris.

18.     Section 7.1 of the Agreement provides:

> …all right, title, and interest, including copyright interests and any other intellectual property in and to the Work or any deliverables created by the Work, including but not limited to any programs, systems, data, or materials produced or provided by [Folio] alone or in combination with [Sopris] and/or its employees under this Agreement ***shall be the property of [Sopris]***.

(*See* Ex. A, §7.1) (emphasis added).

19.     Sopris has repeatedly  demanded Folio3 deliver the Work to Sopris.

20.     Folio3 has agreed to deliver the Work to Sopris.

21.     Folio3 has failed to deliver the Work to Sopris.

22.     In particular, Folio3 has failed to deliver to Sopris the IOS version of the App.

23.     Folio3 demonstrated the IOS version of the App to Sopris throughout the development process, and when demonstrated to Sopris, the App was fully functioning.

24.     It was later discovered IOS version of the App did not reside on Sopris' servers but instead on Folio3's servers.

25.     Sopris does not have possession of the IOS version of the App.

26.     Further, Folio3 without Sopris' authorization offered for sale and upon information and belief sold Sopris' App.

27.     Also without Sopris' authorization Folio3 solicited at least one of Sopris' customers, Beacon Rail Leasing.

28.     Section 8 of the Agreement prohibits Folio3 from engaging in unfair competition by among other things the "sale or unauthorized use or disclosure of [Sopris'] ***Confidential Information***…including information concerning ***customer lists***, marketing plans, and prospective customer lists…." (*See* Ex. A, §8) (emphasis added).

29.     The Agreement defines Confidential Information in section 6 as "[Sopris'] ***intellectual property***, that relates to existing and ***future*** products or services, designs, business plans, business opportunities…."  (*See* Ex. A, §6.2) (emphasis added).

30.     The Work and Sopris' customers constitute Confidential Information under the Agreement.

31.     On May 31, 2016, Sopris received a general solicitation email from Folio3 in which Folio3 was attempting to sell software ***using pictures of software that belongs to Sopris*** under the Agreement. (*See* Ex. C, Email).

32.     Specifically, on page 3 of Exhibit C under "Dynamics AX Mobile Solutions", Folio's email states the app includes "field services".

33.     The "field services" feature was part of functionality created by Folio3 for Sopris' App pursuant to Work Order No. 2. (*See* Ex. C, Work Order No.2).

34.     Folio3 has failed to share with Sopris any revenue it has received from the sale of the App.

35.     In approximately September, 2019 Sopris learned that in 2018, Folio3 solicited at least one of Sopris' customers, Beacon Rail Leasing.

36.     Folio3 provided the following services to Beacon Rail:

| Problem: | The Solution: |
| --- | --- |
| Beacon Rail Leasing wanted a mobile solution to tailor their workflows in AX in line to the specific needs of its employees. | Folio3 addressed this problem with its Dynamics AX Workflow Approvals mobile application. AX Workflow approvals app is a fully customizable mobile solution that provides approval capabilities for all workflow types in Microsoft Dynamics AX 2012 including purchase orders and purchase requisitions. |

*See* Folio3's website, https://dynamics.folio3.com/beacon-rail/ (last accessed May 21, 2020).

37.     Folio3 had access to Sopris' customer lists.

38.     Folio3 knew Beacon Rail was Sopris' customer.

39.     Nevertheless Folio3 solicited Beacon Rail.

40.     Sopris has suffered losses of more than $75,000, and continues to suffer losses, as a result of Folio3's actions including but not limited to the lost value of Work including but not limited to the App and lost revenues from the App.

41.      Section 11.1 of the Agreement provides that Folio3 agrees to indemnify Sopris from and against,

> … all loss, liability, damages, claims and expenses, including reasonable attorneys'
> fees, arising out of claims or suits for damages or injury to persons or property in
> connection with, in whole or in part, 1) any negligence act, omission, or willful
> misconduct of [Folio3] in the performance of this Agreement; and 2) [Folio3's]
> failure to comply with federal, state or local law.

(*See* Ex. A, §11.1).

42.     Section 12.10 of the Agreement provides that in the event of a dispute, the prevailing party shall be entitled to reasonable attorneys' fees and other costs and expenses incurred in resolving the dispute. (*See* Ex. A, §12.10).

43.     The Agreement provides that before filing a court action, the parties "shall endeavor" to settle any dispute by mediation in San Jose, California before the American Arbitration Association (AAA). (*See* Ex. A §12.8).

44.     The parties subsequently agreed to mediate on April 25, 2020 at the AAA offices in San Francisco, California.

45.     The mediation on April 25, 2020 did not take place. Due to the COVID-19 pandemic and related government quarantine restrictions, the AAA offices were closed in April and there was no other available venue in San Francisco. Similarly, Sopris and its counsel were unable to travel due to health concerns and government quarantine restrictions in Colorado and Florida limiting travel unless absolutely necessary.

46.     Sopris requested the mediation proceed via video or telephone conference, but Folio3 would not agree. The parties then agreed to continue the in-person mediation to May 28, 2020.

47.     The mediation on May 28, 2020 did not take place. The AAA offices in San Francisco were still closed and AAA indicated the offices will remain closed through September, 2020, and there was no other available venue in San Francisco. Further, Sopris and its counsel

6

were still unable to travel due to health concerns and government quarantine restrictions in Colorado and Florida limiting travel unless absolutely necessary.

48.     According to the New York Times, as of May 28, 2020, California had the fourth highest cases of COVID-19 in the United States and is listed as one of the states "where new cases are increasing":



*See* https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases (last visited May 29, 2020).

49.     Sopris again requested the parties mediate via video or telephone conference, but Folio3 again would not (and does not) agree.

50.     Despite the COVID-19 pandemic and related health risks and quarantine restrictions, Folio3 continues to demand that Sopris and its counsel travel to California to attend the mediation in-person.

51.     Due to concerns about the expiration of statute of limitations, Sopris filed this lawsuit.

52.     Folio3 contends all of Sopris' claims are barred by the statute of limitations, but has failed to explain the basis for its contention.

53.     Folio3 failed to submit a mediation statement on April 7 as required by the mediator.

54.     Folio3's demand for an in-person mediation in California light of the COVID-19 pandemic and Sopris' concerns about expiration of statutes of limitations is in bad faith and a delay

tactic to avoid delivering the Work to Sopris so Folio3 can continue selling Sopris' App for its own profit, to avoid sharing revenue with Sopris from the App, and to avoid responsibility for improperly soliciting Sopris' customer.

55.     Sopris remains willing to mediate via video or telephone until the AAA offices in San Francisco reopen, Sopris and counsel feel safe traveling to San Francisco to attend an in person mediation, and quarantine restrictions limiting travel unless absolutely necessary are lifted.

56.     The Agreement provides that if mediation is unsuccessful, the parties' dispute shall be arbitrated. (*See* Ex. A §12.9). However, the arbitration provision states it "does not apply to the breach of provisions pertaining to confidentiality and proprietary rights, and that either party may petition a court of law for injunctive relief and such other rights and remedies as it may have at law or equity against such breaches." (*See* Ex. A §12.9).

57.     Sopris' allegations in this Complaint allege breach of contract provisions pertaining to confidentiality and proprietary rights, therefore, the arbitration provision does not apply.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

58.     Sopris realleges and incorporates by references the above paragraphs as if fully set forth herein.

59.     A contract exists between Sopris and Folio3. (*See* Exs. A and B).

60.     Sopris has fulfilled its obligations and complied with all conditions of the contract(s) it is required to perform including "endeavoring" to settle by mediation.

61.     To the extent the contract requires a mediation to take place, Sopris has been excused from the requirement to mediate before filing suit, or the requirement to mediate is unenforceable because the COVID-19 pandemic and Folio3's refusal to conduct mediation via video or telephone have prevented Sopris from mediating and have rendered mediation impossible

or impracticable prior to the expiration of applicable statutes of limitations.

62.     Folio3 has breached section 7.1 of the Agreement by failing to deliver the Work to Sopris.

63.     Folio3 has breached sections 6.2 and 8 of the Agreement by soliciting Sopris' customer Beacon Rail.

64.     Folio3 has breached sections 6.2 and 8 of the Agreement by advertising and upon information and belief selling Sopris' App to others as indicated by Ex. C, and by failing to share revenues with Sopris pursuant to Ex. B.

65.     Folio3's breaches have caused, and continue to cause damages to Sopris. Sopris has suffered losses of more than $75,000 as a result of Folio3's actions including but not limited to the lost value of Work including but not limited to the App and lost revenues from the App.

## SECOND CLAIM FOR RELIEF
(Indemnification)

66.     Sopris realleges and incorporates by references the above paragraphs as if fully set forth herein.

67.     Section 11.1 of the Agreement provides that Folio3 agrees to indemnify Sopris from and against,

> … all loss, liability, damages, claims and expenses, including reasonable attorneys' fees, arising out of claims or suits for damages or injury to persons or property in connection with, in whole or in part, 1) any negligence act, omission, or willful misconduct of [Folio3] in the performance of this Agreement; and 2) [Folio3's] failure to comply with federal, state or local law.

(*See* Ex. A, §11.1)

68.      Folio3 has negligently or willfully violated section 7.1 of the Agreement by refusing to deliver the Work to Sopris despite being paid in full.

69.     Folio3 has negligently or willfully violated sections 6.2 and 8 of the Agreement by

soliciting at least one customer of Sporis (Beacon Rail).

70.    Folio3 has negligently or willfully violated sections 6.2 and 8 of the Agreement by advertising and upon information and belief selling Sopris' App to others as indicated by Ex. C, and by failing to share revenues with Sopris pursuant to Ex. B.

71.    Folio3 has further failed to comply with federal and state law by violating the aforementioned provisions of the Agreement.

72.    Sopris has suffered losses of more than $75,000 as a result of Folio3's actions including but not limited to the lost value of Work including but not limited to the App, lost revenues from the App, and related attorneys' fees and costs related.

## PRAYER FOR RELIEF

WHEREFORE, Sopris Systems, LLC prays for judgment in its favor and against Folio3 Software, Inc. as follows:

A.    An order requiring Folio3 to immediately deliver to Sopris all Work including the IOS version of the App;

B.    Such actual damages as this Court deems just and proper;

C.    Attorneys' fees and costs pursuant to the parties' Agreement;

D.    Costs of this action as allowed by law;

E.    Pre-judgment and post-judgment interest as allowed by law;

F.    Such other and further relief as this Court may deem appropriate.

Dated May 29, 2020.

          _s/ Tamara A. Seelman_

Tamara A. Seelman
**GORDON REES SCULLY MANSUKHANI LLP**
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 200-6885
tseelman@grsm.com

Plaintiff's Address:
7887 E. Belleview Ave., Suite 1100
Englewood, Colorado 80111